**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JOHNNIE LEE VICK,**                                       **PLAINTIFF,**

**VS.**                                **CIVIL ACTION NO. 4:05CV274-P-B**

**SPECIALITY RETAILERS, INC.,
A/K/A STAGE,**                                                 **DEFENDANT.**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the court upon Defendant's Motion to Compel Arbitration and to Stay All Proceedings [7-1]. Upon due consideration of the motion, the court finds as follows, to-wit:

The plaintiff has filed a response conceding the motion. It is thus undisputed that the plaintiff signed a binding arbitration agreement that covers the plaintiff's claims.

Under the Federal Arbitration Act, written agreements to arbitrate controversies arising out of an existing contract "**shall** be valid, irrevocable and enforceable." 9 U.S.C. § 2 (emphasis added). The Supreme Court has consistently held that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989).

In any event, a person is bound by the contents of a contract he signs, whether he reads it or not. *Washington Mutual Finance Group, LLC v. Bailey*, 364 F.3d 260, 262-63 (5th Cir. 2004) (even a illiterate person is charged with reading a contract); *Stephens v. Equitable Life Assur. Society of the U.S.*, 850 So.2d 78, 83-84 (Miss. 2003); *Massey v. Tingle*, 867 So.2d 235, 240 (Miss. 2004) ("[I]n Mississippi, a person is charged with knowing the contents of any document that he

1

executes."); *Turner v. Terry*, 799 So.2d 25, 36 ("[P]arties to an arms-length transaction are charged with a duty to read what they sign; failure to do so constitutes negligence."); and *McKenzi Check Advance of Mississippi, LLC v. Hardy*, 866 So.2d 446, 455 (Miss. 2004) ("It is well settled under Mississippi law that a contracting party is under a legal obligation to read a contract before signing it.").

The court concludes that the motion to compel arbitration should be granted. However, rather than stay the instant proceedings pending the outcome of arbitration as requested by the defendants, the court concludes that this action should be dismissed without prejudice. This is appropriate given that all of the plaintiffs' claims in this action are covered by the arbitration agreement. "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by ... 9 U.S.C. §§ 9-12." *Id*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendants' Motion to Compel Arbitration [7-1] is **GRANTED**; therefore,

(2) All of the plaintiffs' claims against all defendants are hereby **COMPELLED TO ARBITRATION** pursuant to the subject agreement;

(3) The plaintiffs' claims in this action are **DISMISSED WITHOUT PREJUDICE**; and

(4) This case is **CLOSED**.

**SO ORDERED** this the 19th day of May, A.D., 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE